1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JONATHAN MOSZ,                          No.  2:19-cv-1010 WBS DB P

11                  Plaintiff,

12         v.                                AMENDED SERVICE ORDER AND ORDER
                                             DIRECTING SERVICE BY THE UNITED
13   DAVID ALLRED,                           STATES MARSHAL WITHOUT
                                             PREPAYMENT OF COSTS
14                  Defendant.

15

16         Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights

17   action brought pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S 388

18   (1971). On October 28, 2020, service was initiated on defendant Dr. David Allred, the Medical

19   Director at Federal Correctional Institution in Herlong, California, who was sued in his individual

20   capacity. It appears, however, that the service order did not comply with Federal Rule of Civil

21   Procedure 4 in that the United States was not also served along with this federal employee.

22         Generally, Rule 4(b) requires that a summons must be issued for each defendant to be

23   served. Fed. R. Civ. P. 4(b). In addition, Rule 4(i)(3) requires that when a federal employee is

24   being sued in his individual capacity in connection with actions or omissions that occurred in

25   connection with his work on behalf of the United States, the party must serve the United States

26   *and* the officer. Fed. R. Civ. P. 4(i)(3).

27

28                                              1

Service on the United States shall be accomplished pursuant to Federal Rule of Civil Procedure 4(i)(1), meaning that a party must deliver a copy of the summons and the complaint to the United States attorney for the Eastern District of California and to the Attorney General of the United States at Washington, D.C.

Because the United States was not served in compliance with Federal Rule of Civil Procedure 4(i), IT IS HEREBY ORDERED that the October 28, 2020, Service Order is amended as follows:

1. The United States Marshal shall serve one copy of the completed summons, one copy of the complaint, and one copy of this order on each of the following by registered or certified mail:

   a. The civil-process clerk for the United States Attorney for the Eastern District of California; and

   b. The Attorney General of the United States in Washington, D.C.

2. The motion for clarification filed by the United States (ECF No. 28), specially appearing pursuant to 28 U.S.C. § 517, is granted. The directive regarding the waiver of service is vacated.

Dated: March 15, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Routine/mosz1010.am srvc

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**<u>Rand Notice to Plaintiff</u>**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment.  <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998).  The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial.  If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant.  A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

27
28

3

1       To oppose a motion for summary judgment, you must show proof of your claims.[1]  To do this, you may

2   refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your

3   complaint shows that you have personal knowledge of the matters stated.  You may also submit declarations setting

4   forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal

5   knowledge of the facts stated.  You may also submit all or part of deposition transcripts, answers to interrogatories,

6   admissions, and other authenticated documents.  For each of the facts listed in the defendant's Statement of

7   Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed.  If you deny a

8   fact, you must cite to the proof that you rely on to support your denial.  See L.R. 260(b).  If you fail to contradict the

9   defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant

10  the motion.

11      The court will consider a request to postpone consideration of the defendant's motion if you submit a
    declaration showing that for a specific reason you cannot present such facts in your opposition.  If you do not respond
    to the motion, the court may consider your failure to act as a waiver of your opposition.  See L.R. 230(l).

12      If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that
    defendant without a trial and the case will be closed as to that defendant.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  ---

    [1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit

28  proof of specific facts regarding the exhaustion of administrative remedies.  See Stratton v. Buck, 697 F.3d 1004,
    1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162  (9th Cir. April 3, 2014).